# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN DEER REGISTRY, INC. | § § § | |
| v. | § § § | Civil Action No. 4:17-CV-00062<br>Judge Mazzant |
| DNA SOLUTIONS, INC. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant DNA Solutions, Inc.'s Motion to Quash Deposition Notices and for Protective Order Preventing Further Discovery (Dkt. #13). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

### BACKGROUND

In 2007, North American Deer Registry, Inc. ("Deer Registry") engaged DNA Solutions, Inc. ("DNAS") to process deer genetic information, perform matching services, and host a database for Deer Registry's information, which would be accessible online. The parties entered into revised agreements in 2013 and 2014 (the "Contract"). As part of the Contract, DNAS agreed to preserve the confidentiality of Deer Registry's information and to return such information upon termination of DNAS's services. On January 1, 2017, Deer Registry ceased using DNAS to host its registry. Deer Registry claims that DNAS continues to use the confidential information thereby violating the Contract's terms and misappropriating Deer Registry's trade secrets.

On January 27, 2017, Deer Registry filed a complaint alleging Lanham Act violations and unfair competition, misappropriation of trade secrets, constructive trust, unjust enrichment, and requesting injunctive relief (Dkt. #1). The same day, Deer Registry filed a motion to

expedite discovery (Dkt. #4). The Court ordered clarification, which Deer Registry provided on February 3, 2017 (Dkt. #7). On February 9, 2017, before DNAS had been served or appeared, the Court granted the motion to expedite discovery and allowed depositions within fourteen calendar days of its Order (the "Discovery Order") (Dkt. #8).

On February 13, 2017, Deer Registry served DNAS with deposition notices for (1) Federal Rule of Civil Procedure 30(b)(6) witness for DNAS; (2) Dr. Brandt Cassidy, Director of Operations and Laboratory Director for DNAS; and (3) Debra Lyon, Director of Client Services and Business for DNAS. These depositions were noticed for Monday, February 20 and Tuesday, February 21. On Friday, February 17, 2017, DNAS filed two motions: a motion to dismiss and compel arbitration, or in the alternative to transfer venue (Dkt. #12), and the present motion to quash depositions and for protective order (Dkt. #13). On February 22, 2017, Deer Registry filed a response to the motion to quash (Dkt. #15).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless the Court orders otherwise. *See also Combat Zone Corp. v. John/Jane Does 1-2*, No. 2:12-cv-00509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012). "An increasing majority of district courts, including several in the Fifth Circuit, have adopted a 'good cause' standard to determine whether to permit such expedited discovery." *Id.* (collecting cases). "In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (citation omitted). The burden of showing

good cause rests on the party seeking the expedited discovery. *Id.* at 240. "Moreover, the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Id.*

A district court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

## ANALYSIS

DNAS makes several arguments in its motion. First, DNAS argues that the Discovery Order is void because it was entered before the deadline for DNAS to respond. At this point, DNAS has responded to the motion and stopped the depositions from taking place. Any harm from the Discovery Order is now moot.

Next, DNAS argues that the deposition notices violate the geographic limits of Federal Rule of Civil Procedure 45(c). This argument is without merit. Depositions of parties and their officers and managing agents do not require subpoenas. Fed. R. Civ. P. 45, advisory committee note (2013).

Third, DNAS argues the Discovery Order is void because of a binding arbitration clause. Deer Registry argues that the arbitration clause does not cover these claims, and alternatively, that the American Arbitration Association ("AAA") Commercial Rules allow for judicial injunctive relief as an interim measure. Without deciding whether this case falls within the

arbitration clause, the Court finds that the arbitration clause is not a ground to quash the depositions.

The AAA Commercial Rule R-37 allows a party to request interim measures from a judicial authority regardless of a binding arbitration clause. Am. Arbitration Ass'n R. R-37(c) (2013). An interim measure includes injunctive relief. *Id.* R-37(a). The parties are deemed to have made these rules part of their arbitration agreement whenever they provide for arbitration by the AAA under its commercial rules. *Id.* R-1(a). The Contract's arbitration clause states: "[T]he parties agree that such dispute shall be submitted to binding arbitration pursuant to the Commercial Rules of the [AAA]." Therefore, Rule R-37 applies and judicial interim relief may be appropriate.

Further, expedited discovery is appropriate in cases involving preliminary injunctions. *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004). The Court has already found that good cause exists to grant expedited discovery over limited topics in this case (*See* Dkt. #8). Aside from the arguments already disposed of, DNAS does not provide any evidence of why the depositions are annoying, embarrassing, harassing, or burdensome. Thus, the depositions are proper.

Finally, DNAS's motion to compel does not divest the Court of jurisdiction to order discovery or to grant preliminary injunctive relief. A district court can grant preliminary relief before deciding whether to compel arbitration. *Janvey v. Alguire*, 647 F.3d 585, 593 (5th Cir. 2011). In *Janvey*, The Fifth Circuit ultimately agreed with the plaintiff's position that a party could not "strip the trial court of its authority to enjoin the party's conduct simply by filing a motion to compel arbitration." *Id.* The Court must endeavor to prevent any similar result here.

Here, Deer Registry filed a complaint for Lanham Act violations and unfair competition, misappropriation of trade secrets, constructive trust, unjust enrichment, and injunctive relief in this Court. Deer Registry also made a demand for arbitration on claims for breach of contract, temporary and permanent injunctive relief, declaratory judgment, and attorney fees (Dkt. #19, Exhibit 2). DNAS filed a motion to compel arbitration based on its broad reading of the arbitration clause in the Contract. Deer Registry argues that not all claims are subject to arbitration and therefore the claims subject to arbitration are included in the arbitration demand, but that the claims before the Court are properly here. The Court will decide this issue later. In the interim, the Court has the authority to grant injunctive relief and any discovery necessary thereto.

## CONCLUSION

It is therefore **ORDERED** that Defendant DNA Solutions, Inc.'s Motion to Quash Deposition Notices and for Protective Order Preventing Further Discovery (Dkt. #13) is hereby **DENIED**.

SIGNED this 21st day of April, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE